UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:19-cr-20 |
| v. ) | |
| ) | Judge Mattice |
| ANTHONY GLENN BEAN and ) | Magistrate Judge Steger |
| ANTHONY DOYLE FRANKLIN BEAN ) | |

# ORDER

Before the Court is the Motion to Sever (Doc. 21) filed by Defendant Anthony Doyle Franklin Bean asking the Court to sever his trial from that of his co-defendant and father, Anthony Glenn Bean, pursuant to Fed. R. Crim. P. 14(a). The moving Defendant has failed make the requisite showing that specific and compelling prejudice will result from a joint trial and the Motion (Doc. 21) will be **DENIED**.

"If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Stinson*, 761 F. App'x 527, 529 (6th Cir. 2019) (*quoting United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). "Because joint trial of defendants who were indicted together 'promotes efficiency' and 'serves the interests of justice,' Federal Rule of Criminal Procedure 14 has been interpreted to require severance 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or would prevent the jury from making a reliable judgment

about guilt or innocence.'" *United States v. Williams*, 662 F. App'x 366 (6th Cir. 2016) (*quoting Zafiro v. United States*, 506 U.S. 534, 537-39 (1993)).

As grounds for severance, the moving Defendant shows he may wish to call his co-Defendant as a defense witness in this case. "Where prejudice resulting from a joint trial is speculative only, 'an intention of the movant to have his codefendant testify has never been considered grounds for severance.'" *United States v. Pickett*, 746 F.2d 1129, 1134 (6th Cir. 1984) (*quoting Smith v. United States*, 385 F.2d 34, 38 (5th Cir. 1967)); *see United States v. Wilson*, 500 F.2d 715, 726 (5th Cir. 1974) (disapproved on other grounds by *United States v. Adamson*, 700 F.2d 953 (1983)) ("Before severance is required in order to obtain a co-defendant's testimony, it must be shown that the co-defendant would in fact testify, what his testimony would be, and that the testimony would be favorable.").

The moving Defendant next argues the jury may infer he is guilty if they find his co-defendant guilty, due to their family relationship. The United States Court of Appeals for the Sixth Circuit has rejected a similar argument in the joint trial of a father and daughter. *Williams*, 662 F. App'x at 381. As the movant here, the defendant in *Williams* argued the jury would infer he was guilty if it found his daughter guilty. *Id.* The Sixth Circuit noted "the weight of persuasive authority in favor of the proposition that familial relationships alone are not sufficient to require severance under Rule 14" and affirmed the judgment of the district court denying severance.

Accordingly, the Motion to Sever (Doc. 21) will be **DENIED**.

**SO ORDERED** this 5th day of December, 2019.

             */s/ Harry S. Mattice, Jr.*
             HARRY S. MATTICE, JR.
             UNITED STATES DISTRICT JUDGE