UNITED STATES DISTRICT COURT
EASTERN DISTRICT of TENNESSEE
at WINCHESTER

UNITED STATES OF AMERICA

v.  Case No. 4:19-CR-20

ANTHONY GLENN BEAN
ANTHONY DOYLE FRANKLIN BEAN

## JOINT MOTION FOR JUDICIAL INQUIRY

The United States of America and Defendant Anthony Doyle Franklin Bean, by and through the undersigned attorneys, file this joint motion for judicial inquiry to determine whether a conflict of interest exists in the representation of the defendant, Anthony Doyle Franklin Bean, and his retained counsel, Russell L. Leonard. The parties believe that Mr. Leonard's prior representation of a plaintiff who prosecuted a civil suit against his client's co-defendant, Anthony Glenn Bean, does not constitute an actual conflict. In an abundance of caution, however, the parties file this motion to bring the issue to the Court's attention.

The parties submit the following:

**Factual Background**

On July 24, 2019, the Grand Jury returned an indictment charging Defendant Anthony Doyle Franklin Bean ("T.J. Bean") with one count of violating 18 U.S.C. § 242.[1] Specifically, the indictment charges that, on or about December 30, 2017, Sergeant T.J. Bean, while acting under color of law as a law enforcement officer with the Grundy County Sheriff's Office (GCSO), assaulted F.M. Defendant T.J. Bean is represented in this case by attorney Russell L. Leonard.

---

[1] The Indictment also charges Defendant Anthony Glenn Bean with four counts of violating 18 U.S.C. § 242.

Beginning in 2013, Mr. Leonard represented Plaintiff Robby Alan Snowberger in a civil lawsuit against Defendant Tony Bean. The plaintiff's complaint alleged in substance that Tony Bean, while acting in his official capacity as a law enforcement officer, negligently shot the plaintiff and the plaintiff's dog, causing the plaintiff to lose his finger and the plaintiff's dog to be euthanized. The lawsuit was initially filed in Grundy County Circuit Court, removed to federal court (Case No. 1:13-cv-68), remanded to Grundy County Circuit Court, and eventually settled out of court. Mr. Leonard no longer represents Mr. Snowberger.

**Argument**

While the Sixth Amendment generally guarantees criminal defendants the right to counsel of choice, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). To that end, federal courts must ensure that criminal trials appear fair and satisfy professional ethical standards, including by avoiding conflicts of interest. *Id.* at 160; *see also McNeal v. United States*, 17 F. App'x 258, 261 (6th Cir. 2001) ("The guarantee of effective assistance of counsel includes representation which is free of conflicts of interest."). Courts must guard against not only actual conflicts, but also potential conflicts. *See, e.g.*, *Johnson v. Hooks*, No. 18-3676, 2019 WL 3250291, at *2 (6th Cir. Jan. 16, 2019) ("[A] presumption in favor of petitioner's counsel of choice . . . may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict.").

In this instance, the government is unaware of any information that establishes that Mr. Leonard's prior representation of a civil plaintiff in a suit against his current client's co-defendant,

Defendant Tony Bean, creates an actual conflict or a serious potential for conflict. Under the Tennessee Rules of Professional Conduct and the American Bar Association (ABA) Model Rules of Professional Conduct, *cf. Wheat*, 486 U.S. at 160 (discussing ABA model rules and applicable state professional responsibility rules), an attorney who formerly represented one client cannot later represent another client "in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Tenn. R. Prof'l Conduct 1.9, *accord* ABA Model R. Prof'l Conduct 1.9.[2]

      This criminal case does not address the same incident as the earlier civil matter, nor is it substantially related. *See id.* at cmt. 3 (defining "substantially related" matters as those involving "the same transaction or legal dispute or other work the lawyer performed for the former client" or matters in which "there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter, unless that information has become generally known"). The earlier civil case involved different parties, different facts, and distinct legal claims. In addition, the United States does not plan to call Mr. Snowberger as a witness in this case. Further, Mr. Leonard is unaware of confidential information obtained in the civil case that would advance his client's position in this case. Accordingly, there are no apparent successive representation concerns. *See also Moss v. United States*, 323 F.3d 445, 459 (6th Cir. 2003) ("Successive representation occurs where defense counsel has previously represented a co-defendant or trial witness.").

---

[2] Mr. Leonard does not currently represent Mr. Snowberger, so rules of professional conduct that pertain to concurrent conflicts of interest, *see, e.g.*, Tenn. R. Prof'l Conduct 1.7, are not implicated.

Because there is no actual or potential conflict of interest, the parties believe that a hearing on this matter is unnecessary. *United States v. Robinson*, No. 1:04CR178, 2006 WL 760260, at *1 (E.D. Tenn. Mar. 21, 2006) ("When facts alleged in the motion [for judicial inquiry regarding a conflict of interest] fail to disclose an actual or potential conflict of interest, a hearing is not required.").

## Conclusion

For the reasons set forth herein, the parties respectfully submit that Mr. Leonard does not have an actual or potential conflict of interest in representing Defendant T.J. Bean. The parties nevertheless request that the Court issue an order stating that Defendant T.J. Bean may proceed with his counsel of choice.

Respectfully submitted,

J. DOUGLAS OVERBEY
United States Attorney

By: /s/_____
James Brooks
Assistant United States Attorney
1110 Market Street, Ste. 301
Chattanooga, TN 37402
423-385-1311

/s/_____
Rebekah J. Bailey
Kathryn E. Gilbert
Trial Attorneys
Criminal Section
Civil Rights Division
U.S. Department of Justice
150 M St. NE
Washington, DC 20002
(202) 307-6523

4